**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 06-4980**

───────────────

UNITED STATES OF AMERICA,

                                   Plaintiff - Appellee,

        versus

TENZIN THINLEY,

                                   Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Deborah K. Chasanow, District Judge. (8:05-cr-00389-DKC)

───────────────

Submitted:  June 20, 2007          Decided:  July 11, 2007

───────────────

Before GREGORY and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Michael E. Lawlor, LAWLOR & ENGLERT, LLC, Greenbelt, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Barbara S. Skalla, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tenzin Thinley was convicted by jury of conspiracy to possess with intent to distribute 3,4-methylenedioxymethamphetamine ("MDMA" or "ecstacy"), in violation of 21 U.S.C. § 846 (2000), and distribution of ecstacy, in violation of 21 U.S.C. § 841 (2000) (Counts Two and Four). On August 31, 2006, the district court sentenced Thinley to 51 months in prison. Thinley appealed and asserts his sentence is unreasonable because the district court based the sentence upon an incorrect finding of drug quantity. Finding no error, we affirm.

Thinley contends that the district court erred at sentencing when it found that at least 1100 pills were attributable to him during the periods of the conspiracy. In calculating the guideline range for each co-conspirator, "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense" are to be included. USSG § 1B1.3(a)(1)(B). When evaluating the district court's application of the sentencing guidelines, this court reviews findings of fact for clear error. United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).

Contrary to Thinley's assertions, the district court did not err in finding Thinley was responsible for 518 pills he delivered to a confidential informant on July 19, 2005, and for between 100 and 200 pills on each of six to ten other occasions. First, the district court determined that the testimony of co-conspirator Alex Le was credible, and credibility determinations are within the province of the trier of fact and are not reviewable on appeal.  See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989) (citations omitted).  Le testified that he had sold Thinley 100 to 200 pills on six to ten occasions prior to the July 19, 2005 sale to the informant.  This earlier conduct was clearly relevant and within the scope of the conspiracy.  Based upon Le's testimony, the district court found Thinley received at least 600 pills from the time Le and Thinley met in February 2005 until the July 19, 2005 sale to the informant.  Added to the 518 sold to the informant, and not even considering the pills involved in the August 3, 2005 intended transaction, the court correctly found Thinley's involvement easily placed him in the Level 26 range.

The district court thus properly determined the drug quantity attributable to Thinley.  Accordingly, we affirm Thinley's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -